UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JTH TAX, LLC, D/B/A
LIBERTY TAX SERVICE,**

  Plaintiff,

v.                              No. 4:23-cv-0173-P

**LOWENSKY CORTORREAL, ET AL.,**

  Defendants.

## OPINION AND ORDER

Before the Court are Defendants' Motions to Dismiss or, in the alternative, to Transfer Venue. ECF. Nos. 10, 11, 12. For the reasons stated below, the motions are **GRANTED IN PART** and the case is hereby **TRANSFERRED to the Norfolk Division of the Eastern District of Virginia.**

## BACKGROUND

This case arises from Defendants' alleged violations of the Defense Trade Secrets Act and breaches of contract. Plaintiff is a nationwide tax preparation service alleging that Defendants breached licensing and franchise agreements and continued to misappropriate Plaintiff's trade secrets and confidential business information after the termination of those agreements.

Plaintiff is a Delaware Limited Liability Company, and all Defendants are residents of Houston, Texas. Due to issues regarding subject matter jurisdiction, the location of the Defendants, the absence of ties to the Fort Worth Division of the Northern District of Texas, and the contractual choice of law provisions at issue, Defendants bring these motions before the Court to dismiss the case or transfer it to a proper venue.

## LEGAL STANDARD

### A. Motion to Transfer Venue

Federal venue rules permit a district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transferring a civil action under § 1404, courts consider both private and public factors in deciding if convenience or justice warrant transferring the action to that district. *See* 28 U.S.C. § 1404; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must show "that the transferee venue is clearly more convenient." *Id.* But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," plaintiff's "choice of forum … is not an independent factor within … the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

## ANALYSIS

In assessing the motions before it, the Court must first determine if caselaw requires it to address the motions in a particular order, then must resolve the motions as appropriate.

### A. Appropriate Order of Jurisdictional Questions

Without jurisdiction, a court cannot proceed at all in any cause. *N.A.A.C.P v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010). Generally, a court must resolve any dispute to its jurisdiction before proceeding further with a matter. *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Though this obligation to resolve jurisdictional issues once carried a clear order of operations,[1] there is no

---

[1] In *Leroy v. Great Western United Corporation*, the Supreme Court asserted that personal jurisdiction is decided before venue, and subject matter is preliminary to both. *Leroy v. Great W. United Corp.*, 443 U.S. 173, (1979). This posture has since been replaced by the approach adopted in *Ruhrgas*.

longer a step-by-step approach to jurisdictional questions. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–88 (1999). The Court held that there may be any number of jurisdictional questions before a court with varying levels of complexity and that a judge may properly within his discretion turn directly to the issue offering the most expedient resolution. *Id.* at 587–88. This discretion permits courts to bypass subject-matter or personal jurisdiction questions "when considerations of convenience, fairness, and judicial economy so warrant." *Id.*; *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). In its contemplation of a jurisdictional inquiry, a court may choose to look an issue of venue and its included factors to ensure that the pursuit of justice in a case is properly efficient. *Sinochem*, 549 U.S. at 35. Indeed, where a case is filed in the wrong forum, courts are authorized to take "the less burdensome course" and transfer the case, rather than address subject-matter jurisdiction. *Id.*

In the instant case, the Court is faced with two separate questions capable of depriving Plaintiffs an audience on the merits of their case: (1) a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, and (2) a motion to transfer for improper venue. While jurisdictional issues must be resolved before proceeding to the merits, venue is, itself, among the jurisdictional issues a court must address prior to proceeding on the merits. *Sinochem*, 549 U.S. at 435. Courts enjoy broad discretion to resolve matters that deny parties an audience on the merits—including venue. *Id.*

As such, the Court, in its discretion, may resolve the jurisdictional questions before it in the order it deems most expedient.

**B. Motion to Transfer**

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When considering the transfer of venue, the Fifth Circuit has identified eight factors, four private and four public, to consider:

> The private interest factors are: (1) the relative ease of

3

>   access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . .
>
>   The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The Court concludes that the *Volkswagen* factors weigh heavily in favor of transferring venue to the Norfolk Division of the Eastern District of Virginia in the interest of convenience, efficiency, and justice. The only basis for venue asserted by Plaintiff is the Defendants' "consent" to jurisdiction in Fort Worth. Based on this Court's interpretation of the English language, this is simply not true. Each franchise agreement at issue in this case "unequivocally chooses" the state law of Virginia as its governing law and the state or federal courts of Virginia as their jurisdiction and venue of choice. And as is regular practice, this Court will honor the choice of law and venue provisions of a voluntarily executed contract. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013).[2] It is truly perplexing to this Court how such a collection of agreements from Norfolk sailed their way to the Trinity River of North Texas. This Court would refer Plaintiff's counsel to the most fundamental canon of contractual construction: "words mean stuff." Applying this, they may then find that—even in 2023—contracts still bind a party, agreements still carry weight, and proofreading is still a good idea.

In considering the prospective availability of and access to necessary witnesses and evidence, the Court finds transferring the matter—without ruling on other dispositive issues—is appropriate, as has been

---

[2] Indeed, the only other agreements attached to Plaintiff's Complaint are promissory notes containing a clause selecting Sioux Falls, South Dakota, as the consented venue—which is still not Texas.

done before by this Court and other courts within the Fifth Circuit. *See KeyCity Cap., LLC v. Davenport Invs., LLC*, No. 3:21-CV-2046-D, 2022 WL 581146, at *10 (N.D. Tex. Feb. 25, 2022) (Fitzwater, J.) (Granting Motion to Transfer without ruling on personal jurisdiction issue); *McCormick v. Payne*, No. 3:15-CV-02729-M, 2015 WL 7424772, at **2–3 (N.D. Tex. Nov. 23, 2015) (Lynn, J.) (Granting motion to transfer in lieu of ruling on subject-matter jurisdiction issue); *Woodlands Dev., LLC v. Regions Bank*, 2013 WL 3233472, at *3 (E.D. La. June 24, 2013); *In re BP S'holder Derivative Litig.*, 2011 WL 4345209, at *2 (S.D. Tex. Sept. 15, 2011), *aff'd sub nom. City of New Orleans Employees' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293 (5th Cir. 2013) (*per curiam*); *Hardwick*, 2011 WL 1831706, at *2; *Doubletree Partners, L.P. v. Land America American Title Co.*, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008) (Kaplan, M.J.).

\* \* \*

The Court's silence on the issue of subject-matter jurisdiction is neither an endorsement nor an indictment of the Plaintiffs' case or the Defendant's challenge to it. Rather, the Court is pursuing the "least burdensome course" to permit for the most convenient, efficient, and judicially economic pursuit of justice this matter.

## CONCLUSION

For the reasons stated above, Defendant's alternative Motion to Transfer is **GRANTED IN PART**. This case is hereby **TRANSFERRED** to the Norfolk Division of the Eastern District of Virginia.

**SO ORDERED** on this **20th day** of **July 2023.**

*[Signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

5